IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PINEWOOD HEALTHCARE, LLC, dba PINEWOOD CARE CENTER, a Delaware Corporation doing business in Idaho,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE LEAVITT, SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, CENTERS FOR MEDICARE AND MEDICAID SERVICES,<br><br>Defendants. | Case No. CV07-0059-N-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court is Plaintiff's motion for preliminary injunction, filed on February 9, 2007. (Dkt. No. 10). The motion was filed in conjunction with a complaint. (Dkt. No. 1). The Court previously granted the Plaintiff's motion for TRO and set a briefing schedule and hearing on the PI motion. At the February 23, 2007 hearing the Court took the motion under advisement. Plaintiff filed a motion to renew motion extending the TRO and a motion to expedite ruling on the motion to extend TRO. (Dkt. Nos. 18, 19). The parties have fully briefed these motions and the Court enters the following order on the motions.

MEMORANDUM ORDER - 1

**Factual and Procedural Background**

The Plaintiff Pinewood HealthCare, LLC ("Pinewood") operates a nursing care facility in Coeur d'Alene, Idaho which, until February 1, 2007, was an approved Medicare and Medicaid provider operating under certain provider agreements. The Defendant Mike Leavitt is the Secretary of the Department of Health and Human Services ("the Department"), Centers for Medicare and Medicaid Services ("CMS"), which is the agency responsible for oversight compliance with facilities such as Pinewood.[1] On February 1, 2007, Defendants terminated Pinewood's provider agreements as a result of Pinewood's failure to satisfy certain Conditions of Participation as set forth in the applicable Medicare and Medicaid regulations.

Leading up to the termination, Defendants performed surveys of Pinewood's facility on August 1, 2006, October 20, 2006, January 5, 2007, and January 25, 2007 to determine whether the Conditions of Participation were being met. (Dkt. No. 1, Exs. A, B, C, and D). Following each of the surveys Defendants issued statements of deficiency indicating the facility was out of compliance with the Conditions of Participation. Pinewood initiated corrective measures and Defendants conducted follow up surveys to determine whether the facility was in compliance. Defendants arranged for a second revisit survey of Pinewood for January 25, 2007. Prior to this survey, on January 12, 2007, Defendants sent Pinewood a letter which stated that if the facility remained out of compliance as of February 1, 2007 its provider agreements would be terminated. (Dkt. No. 1, Ex. C).

On January 31, 2007, Defendants issued a letter to Pinewood indicating that during the January 25, 2007 revisit survey Defendants determined there was one new deficiency at the facility but that all prior deficiencies had been corrected as of January 5, 2007. (Dkt. No. 1, Ex.

---

[1] Mr. Leavitt and the Department are each named as a Defendant in this action and will collectively referred to as "the Defendants".

D). Pinewood responded on the same day, January 31, 2007, by delivering a Credible Allegation of Compliance with Medicare Conditions of Participation alleging that it was in compliance with the Conditions of Participation. (Dkt. No. 1, Ex. E). The following day, February 1, 2007, Defendants' determined Pinewood's facility was non-compliant and terminated its Provider Agreements. On February 2, 2007 Pinewood filed an appeal of the Defendants' January 31, 2007 revisit survey pursuant to 42 C.F.R. § 498.5(b). (Dkt. No. 1, Ex. F). In addition, Pinewood filed this action alleging the Defendants failed to provide the requisite notice in advance of termination of Provider Agreements for determinations of non-compliance with non-immediate jeopardy deficiencies and that Defendants failed to allow for any meaningful review or afford Pinewood an opportunity to dispute the findings of non-compliance. (Dkt. No. 1). In addition, Pinewood alleges the termination of Provider Agreements exceeds the scope of Defendants' authority because there was no finding of a deficiency constituting immediate jeopardy.

The Court granted Pinewoods motion for a TRO and held a hearing on the motion for preliminary injunction on February 23, 2007 where the parties presented argument to the Court. The Court took the motion for preliminary injunction under advisement. The parties discussed a possible extension of the TRO but were unable to reach an agreement and, therefore, the TRO entered on February 9. 2007 expired by its terms on February 23, 2007. As a result the Plaintiff filed the instant motions to extend the TRO which the parties have now briefed and are ripe for the Court's consideration.

**Preliminary Injunction Standard**

A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment. Textile Unlimited, Inc. v. A..BMH Co., Inc., 240 F.3d 781 (9th Cir. 2001) (citing Sierra On-Line, Inc. v.

Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases).  Dollar Rent a Car v. Travelers Indem., 774 F.2d 1371, 1374 (9th Cir. 1985) (citation omitted).

The Ninth Circuit has developed an alternative test for granting a preliminary injunction which requires the court to balance the movant's likelihood of success on the merits against the relative hardship to the parties.  See  Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999); Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1118 (9th  Cir. 1999).  Thus, in this circuit a party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of the hardships tips in its favor.  Textile Unlimited, Inc. v. A..BMH Co., Inc., 240 F.3d 781 (9th Cir. 2001); see also Tillamook County v. United States Army Corps of Engineers, 288 F.3d 1140, 1142 (9th Cir. 2002).  These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  Id.  Regardless of the criteria employed, whenever the public interest is involved, it must be a necessary factor in the Court's consideration of whether to grant preliminary injunctive relief.  Caribbean Marine Services Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).   Further, "[a] plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief."  Caribbean Marine Services, 844 F.2d at 674.  "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."  Id.

## ANALYSIS

I.   <u>Motion for Preliminary Injunction</u>:

Pinewood's motion for preliminary injunction seeks to prevent the termination of its provider agreements upon the same arguments that were successful in their motion for a temporary restraining order.  (Dkt. No. 2).  In particular, that Pinewood residents will suffer irreparable injury by being forced to move from the facility and Pinewood itself will be harmed as it will likely be out of business.  Pinewood further contends that it will prevail on the merits of their claim, arguing it was in substantial compliance prior to the February 1, 2007 termination deadline and that it has not been afforded the requisite notice prior to termination.  In response, the Defendants argue this Court is without jurisdiction to hear this matter as Pinewood has failed to exhaust the administrative remedies, that Pinewood was not in compliance as required by the regulations making the termination of provider agreements proper, and that the balance of hardships tips in favor of the Defendants.  Pinewood maintains jurisdiction here is appropriate because: the Defendants lacked authorization to terminate since Pinewood was in substantial compliance, Pinewood has complied with the review process by filing for an administrative hearing, Pinewood meets an exception to the exhaustion requirement, and both Medicaid and Medicare are at issue in this case.

Having heard the arguments of counsel and considering the briefing submitted in this matter, the Court finds it is without jurisdiction in this case.  It is clear that the exclusive means for obtaining judicial review for claims such as those brought here are in accordance with 42 U.S.C. § 405(g) and (h) [2] which require that a party first exhaust the administrative process

---

[2]  The procedures for judicial review are set forth in 42 U.S.C. § 405 (g) which states in part:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party...may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him

MEMORANDUM ORDER - 5

before seeking judicial review; such claims may not be brought under 28 U.S.C. § 1331. See Shalala v. Illinois Council of Long Term Care, 529 U.S. 1 (2000); Weinberger v. Salfi, 422 U.S. 749, 757-762 (1975); and Heckler v. Ringer, 466 U.S. 602, 613-22 (1984). Pinewood has not exhausted its administrative remedies in this case.[3]

Pinewood argues certain exceptions to the exhaustion requirement apply; citing Shalala, Matthews v. Eldridge, 424 U.S. 319 (1976), and Bowen v. Michigan Academy of Family Physicians, 476 U.S. 667 (1986). Pinewood maintains that these decisions provide for exceptions to the exclusiveness of § 405(h) for situations where the relevant agency has waived the exhaustion requirement or where channeling review through the agency would result in "no review at all." Shalala, 529 U.S. at 19-21. The facts here do not support applying either of these exceptions. As the Supreme Court recognized in Shalala, "[a]t a minimum...the matter must be presented to the agency prior to review in a federal court." Id. at 24. As articulated in Shalala, the need to channel review through the administrative process prior to judicial review provides the agency an opportunity to consider the agency's policies, interpretations, and regulations in light of the challenges raised by a complaining party. Id. at 23. This review process is required by § 405(h). Because the facts in this case do not support Pinewoods arguments for applying any exceptions to the exclusiveness requirement of § 405(h), accordingly, the Court is without

---

of notice of such decision.... Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business.... The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing....
...

42 U.S.C. § 405(h) states: No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

[3] Pinewood filed for administrative review on February 2, 2006 (Dkt. No. 1, p. 5) and, on the same day, filed the action in this Court.

MEMORANDUM ORDER - 6

jurisdiction in this matter and the complaint must be dismissed.  See e.g. Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983) (district courts are under a continuing duty to establish its own subject matter jurisdiction and may *sua sponte* dismiss an action whenever it appears that jurisdiction is lacking.); see also Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **DENIES** Plaintiff's motion for a preliminary injunction. (Dkt. No. 10).   The Plaintiff's motion to renew TRO and motion to expedite (Dkt. No. 18, 19) are **DEEMED MOOT**.   The complaint is **DISMISSED IN ITS ENTIRETY**.

DATED:  March 16, 2007

Honorable Edward J. Lodge
U. S. District Judge